The next case today, number 211015, Oriental Financial Group, Inc., et al. v. Cooperativa de Ahorro y Credito Oriental. Will counsel for appellant please come up and introduce yourself on the record to begin? Good morning. May it please the Court? My name is Veronica Ferraiole Ornedo, and I appear on behalf of the appellant, Cooperativa de Ahorro y Credito Oriental. I would like to reserve three minutes for rebuttal, please. You may. Eight years ago, this Court remanded the case to the District Court to determine whether an order enjoining COOP Oriental from the use of the marks Cooperativo Oriental and COOP Oriental was warranted. On remand, the District Court was to make findings of fact in, to quote, light of the current circumstances in order to allow it to address three specific things. The nature of the harm flowing from the infringement, the availability of alternative remedies, and any hardship an injunction might cause Cooperativa or the public. Promptly after the case was remanded, the District Court held six days of evidentiary hearings where 21 witnesses testified and numerous documents were admitted into evidence. Four years later, the District Court issued its opinion and order and enjoined the use of these marks in commerce. This Court reversed the District Court's determination to modify the permanent injunction against Cooperativo Oriental because taking into account the findings of fact of the District Court, the only legal conclusion that any court could arrive at is that the bank failed to meet its burden of proof. The evidence on the record showed that of the de minimis instances of confusion, the majority were based on speculation, hearsay, and the result of carelessness, inattentiveness, or indifference in the part of the public. Number two, that the actual alleged, that the alleged actual confusion, there has been no showing that Oriental Bank has been injured in any way. Number three, that Oriental Bank has not suffered any irreparable harm, nor is there reason to believe that it is likely to suffer any harm in the future. Number four, that the parties have coexisted in the same market for decades, with sales and advertising in the same channel for decades, without any actionable legal confusion. And number five, that the bank offered no evidence. So, as I understand, the District Court found on remand actual confusion in some sporadic instances over time, and you're not contesting that? No, we're not contesting that there was some testimony. And it's law of the case that the marks involved are likely to cause confusion, and you're not contesting that? That is correct, Your Honor. So, when we have a combination of those two things, why is it an abuse of discretion for the District Court to determine that there's an irreparable harm in that instance, based on a probabilistic assessment that actual confusion is likely to continue to occur, at least sporadically, with all the, as one of the persons testified, incalculable harm that comes from losing control of the mark? Okay, Your Honor. Number one, not every type of confusion is actionable. There are people that just are careless. There are people that just don't, that their confusion is not reasonable. And also, the case law has established what, in the sense of banking, is actionable confusion. Actionable confusion is, you open an account somewhere where you didn't want to open an  But there was evidence of that occurring in some sporadic instances? No, Your Honor, there wasn't. The only evidence on the record, in the whole record of this case, is people going into the bank to cash checks, and it was made very clear during the hearings that you're talking about, you know, one or two instances in thousands of customers coming in, and there's also evidence that people go into banks to cash checks for other banks where their names are not the same. There was evidence that at the Cooperativa, people would go in to cash checks, for example, for Banco Popular. So there, nowhere has it been established. There is absolutely no link that people are going into. You're saying that that sporadic confusion that took place is literally de minimis in the bigger picture? It is correct, and the record is very clear as to that. Are you saying that it didn't, there is no actual confusion, or that it's just de minimis amounts of actual confusion? Well, what we're saying is, if there is confusion, because all we have are people going, are She found actual confusion, the district court found actual confusion, correct? Your Honor, the district court found that employees of the bank testified that some people had come in, but the court, the district court said that it did not believe many of the instances. I know, many, fine, but as I read the district court, I thought she said, though rare, there were instances of actual confusion. The court does say that. No, I don't understand what, if you're not contesting that, then when you say there's literally no evidence of anybody going in and not being, and being confused by the mark, there's a finding that there is, that you're not contesting. The court did say that, but when you look at the evidence, Your Honor, there is not. So are you saying that was clear error? That could be clear error, we did not erase it, because even then. I take the fact that there was actual confusion, I mean that's how it works, her finding was that there was actual confusion, or are you saying she didn't really find that, she just used those words? I don't understand. Okay, Your Honor, the court did say that, that is literally what the district court said. When you look at the record, you will not find a single person that came in and said I was confused. Number one. Number two, even if. Are you saying the record doesn't support the court's finding of actual confusion, and if that's what you're saying, why are you saying that? Your Honor, we're saying that because that is what happened, but the fact is that even those rare instances that the court said could have happened, or the court said the rare instances that occurred, when you look at those, those are not legally actionable confusion. That is not what the courts, under trademark law, have found to be the confusion that the trademark law prevents. So you're saying that as a matter of law, even taking what Judge Delgado-Colón found that was actual confusion as a matter of law, that is insufficient for the result? That is correct, that is correct. We are saying, if you look at the district court's opinion, and we take all the facts, the facts, not the conclusions, all the facts that are in that opinion, that does not meet the burden of proof to issue the injunction that was issued. Number one. We've got three different things going on. There's likelihood of confusion, there's actual confusion, and then there's irreparable harm. And I understand you're clearly saying that there's not irreparable harm. That is correct. There's no showing of that. Yes. But what I'm trying to understand, in assessing that legal contention, do I take the facts as a given, that there was a finding of actual confusion, that you're not contesting, you're just saying it's too minimal? That is correct. To create an irreparable injury. And that might be fine, but that's a different legal proposition than the proposition that there is no finding of actual confusion, and therefore no basis for the irreparable harm that is only based on likelihood of confusion. Those are two different things. That is correct. I understood you in your brief only to be making the argument that the actual confusion was the minimum, and I guess I don't, and that bears on whether as a legal matter there's a basis for finding irreparable harm. Okay. The irreparable harm is not only the confusion, because if that was it, then a finding of infringement would automatically mean an irreparable harm. When there's actual confusion, that's different than a likelihood of confusion. That is correct. And there only needs to be likelihood of confusion for infringement, and it's the case that likelihood of confusion doesn't automatically translate to irreparable harm. That is correct. But here we have likelihood of confusion from the Marx plot, the findings of the veratic, actual confusion, which I took not to be contested. That is correct. Okay. That is correct. Is there, what is the case law that supports the notion that it's an abusive distraction to find irreparable harm, notwithstanding a finding of actual confusion? Because trademark law differentiates between actual confusion and, which is de minimis, which is okay. When you say de minimis, do you mean infrequency? Infrequency. There's both infrequency and the fact that the record does not show that any confusion here was tied specifically to the two marks that we are discussing here, cooperativa oriental or cooper oriental. We don't know whether it is. But the problem with that is that I don't understand the finding. The finding would seem to be that there was such confusion on this record. I know you dispute that now, but you didn't in your briefing. You're not making a clear error of town. So that would seem to me that the only kind of de minimis argument that you're raising would have to do with the frequency of the confusion having occurred and how frequent it's likely to occur in the future. No. In our brief, we also go into the fact that people going in and trying to cash checks is not legally actionable confusion when you talk about financial institutions, trademark law in financial institutions. The case law specifies what you mean by irreparable injury and actual confusion in financial institutions in the case of financial institutions. Somebody opened a bank account because they were confused. Somebody got a mortgage from the wrong bank. That is what is legally actionable actual confusion in financial institutions. So we do have that in our brief. When you say legally actionable, are you referring to irreparable harm? Are you referring to whether there's incentive? No. We're talking about irreparable harm. And irreparable harm, we're not only talking about whether there's actual confusion or not, because the fact is that even if the court said there are rare instances, there is nothing on the record or the court did not find that that actual confusion is tied in any way to people thinking that, you know, in any way tied to Cooperativo Oriental or Co-op Oriental Marts, which is what this is about. What are they confused about? Well, we don't know, Your Honor, because nobody came in and said, I was confused. Then the district court's timing doesn't make any sense that you're not counting. That's what I think. No, we do. In our brief, we state that there is no evidence that any confusion was tied to the use of Cooperativo Oriental or Co-op Oriental Mart. We don't know why these people allegedly came into the bank to cash a check. We have absolutely no idea. We don't know if, you know, if they just thought banks could cash all checks. We don't, if I may finish, just this thought. We don't know if, we have absolutely no idea why these people came in. We're talking specifically about Co-op Oriental and Cooperativo Oriental Marts. We don't know why these people came in. The record shows that there are some checks that say Co-op Oriental as the issuing bank, but the record shows that those checks were not issued by my client. My client's checks say Cooperativo Oriental. So we don't know what checks people came from. Thank you. Thank you, counsel. Will attorney for the appellees, please come up and introduce yourself on the record to begin. Good morning. May it please the court. Leslie Flores on behalf of Oriental Financial Group, Oriental Financial Services, and Oriental Bank and Trust, collectively Oriental. We're here because a known infringer wants a license to continue infringing Oriental's mark and would prefer that this court ignore the 14-year history of this litigation and several key findings that are the law of the case. This court ruled that Co-op Oriental, Cooperativo Oriental, and Oriental Co-op, those marks do infringe on Oriental's strong and arbitrary mark. But for the purpose of the injunction, that's not alone enough to establish irreparable harm. Are you saying otherwise? No, but there's a thing. Cooperativo claims that there's no irreparable harm. For one, the Trademark Modernization Act of 2020 was amended to codify the presumption of irreparable harm that arises. Let's put that aside because that was not in place at the time of the injunction. Well, even if the presumption does not apply, there is ample evidence on the record that sustained the district court's finding of irreparable harm. We have to remember what is irreparable harm in trademark cases. What is it? Well, according to McCarthy and this court's case law, irreparable harm in trademark cases includes the actual loss of reputation and even the threat of such loss because those damages cannot be repaired after the fact. The district court found that Oriental is very jealous about protecting its brand, that it has a family of marks, it has spent millions of dollars developing its brand, and that its VP of Marketing, Idalis Montalvo, convincingly testified that the injuries to the bank's brand and reputation are incalculable. What are those injuries? I understand why they want to protect the mark. What's the indication that they're irreparably harmed by the confusion? The record is replete with evidence that supports that finding. There were witnesses who testified about the negative perception that customers had about credit unions due to their investments in Puerto Rico junk bonds. An Oriental customer testified that he went to Oriental, a teller testified that an Oriental customer went to the bank concerned about the safety of her money. She had to be assuaged that the bank had no relationship with Cooperativa and that her money was safe because it was insured by the FDIC. There was a witness of Cooperativa who testified that about 20 to 30 Cooperativa customers had gone to a Cooperativa branch to withdraw their money because they were concerned about that negative perception about all the news reports that were at the time regarding the many investments that the cooperatives had made in junk bonds in Puerto Rico and they were concerned about their money. That is certainly irreparable harm because of the... The harm is based on people withdrawing from Cooperativa? No, the harm is that any negative perception that people may have about Cooperativa may be attributed to Oriental as in fact did occur. So if I'm following, the idea is that there's a likelihood of confusion that's part of the case from these marks. The association then is with an entity that might have a negative perception and therefore that confusion can be understood to lead over to Oriental. That's the idea? Correct. That is precisely what irreparable harm is in trademark cases. It's the loss of the control of your mark, the potential, the harm of the reputation and the perception that that can actually occur. It doesn't have to occur because that's precisely why it's irreparable. And the... How do you understand where we stand as of this appeal with respect to actual confusion in the findings? Well, we think that the court clearly erred when it categorized the evidence of actual confusion as de minimis. The court actually said... I meant to focus on the opposite. I take it you agree that the district stated that there was instances of actual confusion? Yes, and there was even more. How do you understand where we stand on this appeal given what you heard your opponents say today? Well, for one thing, they did not object to the district court's findings. So in order to prevail on appeal, they have to show that the district court abused its discretion when it expanded the injunction to prohibit the use of the marks in commerce in connection with their goods and services. Contrary to what counsel represented to this court, there was testimony of one person who opened an account in Cooperativa thinking that it was Oriental. And when that person was insisting that he had opened an account at Oriental, he was told, no, it's not the same. He said, oh, well, I opened it over there thinking that it was Oriental. That is not hearsay under trademark law. What the customers tell the employees of the trademark owner is not hearsay. Mind you, what the district court categorized as hearsay and discarded as not sufficient evidence of actual confusion is not hearsay either. Because the tellers testified. But you're a pally to this appeal. Yes, and we're defending the district court's findings, but we're saying that the record, not only these specific findings on fact, but the record fully supports this district court's finding of irreparable harm. Let me ask you, one instance of the person opening the account in the wrong place, in Cooperativa, instead of in Oriental, that is sufficient for the modification, expanded injunction? Of course. Not only was there a testament of people opening accounts in Cooperativa thinking that it was Oriental, and that's in the record in 479, there was testimony of people who came to Oriental's branches to pay off their Cooperativa loans, that was personal and auto loans, to drop off their automobiles at Cooperativa branches when they no longer could pay Cooperativa loans. There was testimony of a witness, of a client of Oriental who, after obtaining a loan in Oriental, asked if he could make his payments in Cooperativa, if I may finish. I don't want you to finish that thought. I want you to answer this particular question. Just with respect to the findings of actual confusion that the district court actually made, not your assessment of the record evidence that the district court deemed, for one reason or another, not to be reliable, just as to the instances in which the district court found there was actual confusion, what is your assessment of what those instances involved? Did that involve the opening of the account? Yes, and I cited the record where that is, that is at page 479 of the record. In the court's opinion, it is also at 499 and 1000. She said there's not evidence to that. I was finishing my thought that the court had not taken into account the fact that people went off to pay off their auto loans and personal loans at Cooperativa. Your Honor, if you have a... Excuse me. The district court did not make a finding in your favor as to the automobiles. Correct? Well, yes, but if you... I understand the point, and if it's in your brief, that's wonderful. I want to understand from you, in response to the appellant, what is in the findings that the district court made in your favor that suffices to support irreparable harm? One is what you've identified was the opening of the account. What are some other instances in which the district court found in your favor actual confusion? Well, the court specifically found that about 8 to 14 witness clients per week went to the Bayroa branch to do transactions having to do with the Cooperativa. The court did find the payment of the auto loans. When she specified all the specific findings of facts, she was summarizing the evidence that was summarized above. What I was going to say, if counsel says that's not specific evidence of actual confusion, if you take out a loan at Citibank, you're not going to go to Bank of America and pay off that loan unless you think that those entities are affiliated. It's logic. We're not talking about speculation, as the court said. We're not talking about hearsay, because the tellers also said that they specifically had observed their fellow. They not only testified to their personal experience of actual confusion about changing of checks that come in and pay Cooperativa loans at Oriental's banks, of dropping off their automobiles at Oriental, about opening accounts at Cooperativa, about asking about if Oriental sold tickets to concerts and basketball games, when it is Cooperativa who actually does that, to changing checks. And they all specifically said, look, it says Oriental. Aren't they the same? Oh, well, are you sure they're not affiliated? That is on the record. And the court actually made those findings. That the court thought that it was de minimis, that's another story. But even a small amount of likelihood of confusion, of actual confusion, I should say, is evidence of the likelihood of confusion that can occur here. And we cannot forget that it is the law of the And that negative perception that people had about credit unions I was going to ask you that. What is the evidence in the record that the district court found of negative perception of credit unions? Well, the district court summarized that evidence about the person going to the bank concerned about the safety of her money. And that was not in the specific findings. It was in the summary of the evidence. Unfortunately, the court, in a footnote, basically minimized that evidence. And with all due respect to the district court, it was speculating because the court actually said that the client might have thought that Oriental gave a letter of credit to Cooperativa and that Cooperativa was going to default on that letter of credit. Cooperativa did not elicit that testimony. Is there any other finding by the district court in your favor with respect to the negative perception of credit unions? Yes, the court actually specifically said that Idalis Montalvo had testified that the damages to the Marks brand and reputation was incalculable. And he said that Cooperativa had not presented testimony and not even disputed that monetary damages were sufficient to basically pay off the injuries that Cooperativa Oriental would suffer if absent the adjunction. Remember that irreparable harm means something that cannot necessarily be paid or compensated economically. And the court found specifically that With all due respect, you're not answering Judge Barron's question. Sorry? You're not answering Judge Barron's question. We're waiting for an answer to a specific question. What the court said about actual confusion?  Reputational. Well, the court said that Oriental had proffered evidence that the integrity of its carefully cultivated brand and reputation has been compromised to some degree since 2009 by Cooperativa's promotion, which includes the uses of the infringing marks. And that evidence, as we submit, is fully supported by the record, taking into account what irreparable harm means in trademark cases. One of the other arguments they make on another prong is whether there was a less restrictive approach that could have been taken. Below, did the Cooperativa identify to the district court alternative to this remedy? No. The only alternative, basically, they didn't provide any suitable alternatives. They were all or nothing. The evidence that they presented to the fact was geared at establishing that there was no way that they could advertise or operate without the infringing marks because supposedly they did not fit within the sports uniforms or radio advertising. And that evidence was controverted by Oriental and is also basically controverted by the fact that Cooperativa alleges that there's a hardship that it could not comply. It was too costly. They didn't present evidence of how much it would actually cost to comply with the injunction. They actually say now that they are in full compliance with the injunction, except for their use of the domain name. The other day they finally changed their handles on Instagram and Facebook. So if they're actually in compliance with the injunction, that belies the fact that they were actually there was a hardship on Cooperativa in complying with the injunction as the court properly found. And we have to remember that Oriental obtained an injunction after 10 years of litigation. It's been pursuing this injunction from the very beginning. Actual harm, actual confusion still persists. It did not need to present evidence of actual confusion to be entitled to the injunction. It is the law of the case that the marks are already infringing. What the court was supposed to evaluate was whether expanded injunctive relief was appropriate. Are you alleging ongoing violation given what you just said? Well, yes, because they're continuing to display the domain name in their advertisements. It's actually, according to them, the only thing that they're still not in compliance but they just stopped complying the other day because they were not in compliance with the injunction. They stopped, they started complying the other day. I mean, what? They have not fully complied with the injunction because we think that the injunction is appropriately broad as it's supposed to be when you have The use of the domain name in the advertising is the last piece that is not in compliance? That's our position, correct. And that's going to be addressed in the next appeal? Correct. This appeal is them being upset with whether there's any irreparable harm to justify an injunction at all? Yeah, and I must add that they did not challenge the district court's findings that they must establish that the court abused this discretion and that they have not proven that is the case. Thank you. Thank you, counsel. Will attorney for appellant please come up and reintroduce yourself on the record? You have a three minute rebuttal. Veronica Ferraioli for the appellant. Again, I would like in my rebuttal just to broaden what irreparable injury is. We have been talking about actual confusion. And the fact is that the court the district court and the record shows that if there is any confusion, it is very, very slight. However, there are other things that are supposed to be shown as irreparable injury according to case law which were not shown in this case. And were not only not shown, they were rebutted. The bank said it alleged that it would suffer irreparable injury and harm to its reputation. The district court clearly found that there was no evidence of that. Did not believe specifically. Did not believe any testimony It credited the testimony saying it was incalculable. The testimony regarding the confusion as to the bonds and that issue. The court said specifically that it did not credit. Did not credit the testimony that a person came in saying concerned about their money in the bank because of the crisis with credit unions. That is specific. The court did not credit that. Number two, the bank said it would weaken its goodwill. The bank has gone from being the sixth bank largest bank in Puerto Rico to being the second largest bank in Puerto Rico. There is no evidence of any weakening of goodwill. It alleges that there is deprivation of control of its brand. Other than conclusory statements regarding it will lose control of its brand, there is absolutely no evidence of that. Not only that, the record clearly shows that the trademark, that the brand that they came into this court with in 2010 is different to the brand that they had during this hearing and today. They have completely rebranded their bank. And they continue to do so even in the instance where Cooperativa was still using the Coop Oriental and Cooperativa Oriental marks. Number four, the danger of having to file additional lawsuits in the future to vindicate its rights. The district court specifically said, admonished the bank. You need to stop doing this. You need to stop this litigation by a thousand cuts. You're being temerary. You need to stop doing this. Because the fact is, if you look at the pleadings in this case, we are here today because of Coop Oriental and Cooperativa Oriental but that is not the true reason why the bank is here today. The bank is here today because they want the Cooperativa to stop using the word Oriental. That is what this case is about. This case and this appeal. Thank you. Thank you. That does seem to be what the case is about. That seems to be what the case has been about for the past 14 years. But if that's what the case is about, then that's what we have to decide. If that's an infringement of the mark Oriental. Well, Your Honor, the fact is that this court decided that both parties could use the word Oriental. It decided that back then. You cannot look into whether we When you say, I think what you mean is literally this case is not about whether they can use the word Oriental. But you think that's what they're after in the big scheme. Well, Your Honor, during the hearings, in the middle of the hearings, they followed No, but the injunction does not say you cannot use the word Oriental. That is so wrong. And what you're challenging is an injunction that says, here's the things you can't say. So literally, this case is not about whether you can use the word Oriental. Literally, it is not. You're saying even though it's not You're saying even though it's not, you win because the things that they are saying you can't use they don't show reprehensible harm. That's all we're doing in this appeal. That is correct, Your Honor. Yes. You hit it on the nose. Yes, Your Honor. Thank you. We are arguing a case that is not the case that they want to bring. Thank you, counsel. That concludes arguments in this case.